IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTONIO MULQUEENEY,<br><br>  Plaintiff,<br>v.<br><br>CLAYTON AND MYRICK P.L.L.C. and<br>INTERNAL CREDIT SYSTEMS, INC.,<br><br>  Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>Fair Debt Collection Practices Act<br>[ 15 U.S.C. § 1692, *et seq.* ]<br><br>**DEMAND FOR JURY TRIAL** |

  Plaintiff Antonio Mulqueeney brings this action against Defendants Clayton and Myrick P.L.L.C. and Internal Credit Systems, Inc. pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

  1. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

  2. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

  3. At all relevant times, Defendants conducted business within the State of Louisiana.

### PARTIES

  4. Plaintiff Antonio Mulqueeney is a natural person and resident of New Orleans, Louisiana.

  5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

  6. Defendant Internal Credit Systems, Inc. ("ICS") is a for-profit corporation licensed to do and doing business in North Carolina.

  7. ICS is an entity who acquires debt in default merely for collection purposes, and

who at all relevant times was engaged in the business of directly or indirectly attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

8. ICS is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

9. ICS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant Clayton and Myrick P.L.L.C. (the "Law Office") is a for-profit professional corporation licensed to do and doing business in North Carolina.

11. The Law Office is an entity who at all relevant times was engaged, by use of mail and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

12. The Law Office is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

13. The Law Office collects debts on behalf of ICS.

## ALLEGATIONS

14. Plaintiff's alleged obligations arise from transactions in which the money, property, insurance, or services that are the subject of the transactions were incurred primarily for personal, family, or household purposes—namely, the purchase of an Anytime Fitness gym membership in the amount of $425.30 (the "Debt").

15. The Debt was in default when it was acquired by ICS.

16. ICS contracted with the Law Office to collect the Debt.

17. ICS was, at all times, aware of the Law Office's collection methods and had

control over how the Law Office conducted itself with respect to Plaintiff.

18. On December 30, 2019, the Law Office sent Plaintiff a letter demanding payment of the Debt. A true and correct copy of the letter is attached hereto as Exhibit "A" (the "Letter").

19. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer." *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 511 (5th Cir. 2016).

20. 15 U.S.C. § 1692e(3) prohibits a debt collector from using the false representation or implication that any individual is an attorney or that any communication is from an attorney.

21. The Letter is on the letterhead of "CLAYTON AND MYRICK, PLLC ATTORNEYS AT LAW."

22. The letterhead lists the Law Office's attorneys, including Robert Nauseef who's photo-copied signature appears at the bottom of the Letter.

23. The Letter is a form collection letter sent to hundreds of consumers.

24. The Letter states that Nauseef was retained by creditor ICS.

25. The Letter states that it is from an "attorney debt collector."

26. The Letter includes an ominous statement in bold-print that if "the debt is not disputed within thirty (30) days, then I will assume it is valid and *take action accordingly*."

27. Neither Nauseef or anyone employed by the Law Office played a professional role as an attorney in the day to-day collection of Plaintiff's alleged debt.

28. The Letter contains no disclaimer concerning the lack of attorney involvement in

the collection of Plaintiff's alleged debt.

29. The Letter misleads consumers into believing that there is meaningful attorney involvement in the collection of the debt.

30. The least sophisticated consumer would likely be deceived in a material way by Defendants' conduct.

31. The least sophisticated consumer would likely be deceived into believing that an attorney had meaningful involvement in the collection of the alleged debt.

32. The Law Office violated 15 U.S.C. § 1692e(3) by falsely implying that its collection letter is a communication from an attorney.

33. Defendant's conduct was the direct cause of actual damages to the Plaintiff for which he now sues.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e
## ICS

34. Plaintiff repeats and re-alleges each factual allegation above.

35. ICS, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of the Law Office—the debt collector it retained to collect on its behalf.

36. As a consequence of ICS' status as a "debt collector", Plaintiff is entitled to actual damages and statutory damages from ICS for the Law Office's conduct pursuant to 15 U.S.C. § 1692e(3).

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e

### Law Office

37. Plaintiff repeats and re-alleges each factual allegation above.

38. The Law Office violated 15 U.S.C. § 1692e(3) by falsely implying that its collection letter was a communication from an attorney.

39. As a consequence of Defendant's unlawful conduct, Plaintiff is entitled to actual damages and statutory damages pursuant to 15 U.S.C. § 1692e(3).

### RELIEF REQUESTED

WHEREFORE, Plaintiff Antonio Mulqueeney prays for the following relief:

(a) Adjudging that Law Office violated 15 U.S.C. § 1692e;

(b) Finding ICS liable for the Law Office's violations of 15 U.S.C. § 1692e.

(c) Awarding the Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

(d) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

(e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

(f) Awarding pre- and post-judgment interest as permissible by law; and

(g) Awarding such other and further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

Respectfully submitted:

*/s/ Jonathan M. Kirkland*
_____

KIRKLAND LAW LLC
One Galleria Blvd Suite 1900,
Metairie, LA 70001
P: (504) 370-9077
jmk@kirklandlw.com

Attorney for Plaintiff Antonio Mulqueeney